# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

(1) REEDHYCALOG UK, LTD., and
(2) REEDHYCALOG, LP,

**Plaintiffs**,

v.

(1) DIAMOND INNOVATIONS, INC.,

**Defendant**.

Civil Action No. 6:08-CV-00325-LED

## PLAINTIFFS' OPPOSITION TO DEFENDANT/COUNTERCLAIM PLAINTIFF DIAMOND INNOVATIONS, INC.'S MOTION TO SUPPLEMENT THE RECORD

Diamond Innovations, Inc.'s ("DI") Motion to Supplement the Record (Dkt. No. 364) ("Motion") represents DI's second attempt at expanding the trial evidentiary record in this case after the close of evidence.[1] Its most recent attempt, via this Motion, seeks to enlarge the trial evidentiary record on appeal with two categories of exhibits: (1) exhibits not offered at trial; and (2) exhibits that are not admissible evidence.

For the reasons set forth below, ReedHycalog respectfully request that the Court deny DI's Motion. Furthermore, ReedHycalog respectfully requests that the Court strike from the record all of the exhibits attached to DI's Motion.

---

[1] The first time DI tried to improperly expand the trial evidentiary record was via DI's inclusion of all twelve of the Singer opinions as Exhibits C through N of its Motion for Judgment as a Matter of Law (Dkt. No. 315).

## I. EXHIBITS NOT OFFERED AT TRIAL

Documents within this first category were not offered into evidence by DI – a fact that DI should not dispute.[2] Mot. at 4. This fact is dispositive of the Court's analysis regarding this first category. DI's fundamental failure to make an offer of proof at trial of evidence that was purportedly excluded per a pretrial ruling, pursuant to Federal Rule of Evidence 103 ("Evid. Rule 103"), forecloses any late supplementation and supports a denial of DI's Motion. Indeed, any desire to preserve the trial evidentiary record should have been acted upon <u>during</u> trial. As the Fifth Circuit has indicated,

> Rule 103(a) of the Federal Rules of Evidence requires both timely objection and an offer of proof as prerequisite to appeal from any ruling that has the effect of excluding evidence. In this case, <u>objection and an offer of proof could be timely only before the jury retired, for the purpose of the rules requiring these procedures is to inform the trial judge of the substance of what counsel wishes to prove, at a time when the judge can still reconsider his ruling and make any changes deemed advisable.</u>

*Prof'l Ass'n of Coll. Educators v. El Paso County Cmty. Coll.*, 730 F.2d 258, 272-73 (5th Cir. 1984) (emphasis added).[3]

To the extent that DI offers Fed. R. App. P. 10(a) ("App. Rule 10") in support of its untimely submission, ReedHycalog directs the Court to Fed. R. App. P. 1 ("App. Rule 1"). Rule 1, discussing the scope of the Federal Rules of Appellate Procedure, provides that "[w]hen these [appellate] rules provide for filing a motion or other documents in the district court, the

---

[2] These include Exhibits E-L, N-Q, and R-V, which are attached to DI's Motion. Exhibits N-Q are the un-redacted forms of PTX0051, PTX0581, PTX0617, and PTX0638, which were offered at trial by ReedHycalog <u>in their redacted form</u>. ReedHycalog does not dispute that DI objected to the redacted form of Exhibits N-Q; however, DI never offered at trial the <u>un-redacted form</u> of the Exhibits, which are attached to its Motion.

[3] To the extent that DI argues that these exhibits <u>were addressed</u> by the Court's pretrial rules, then DI's reasoning misses the point. The parties' briefings, filings, and related arguments on the subject of the Court's pretrial evidentiary rulings may have preserved those narrow issues for appeal. However, that the narrow issue may be preserved, does not give DI, at this juncture, the carte blanche power to supplement the record with documents and evidence that are related to such narrow issues. From a trial evidentiary record perspective, any such evidence should have been made of record contemporaneously with the parties' briefings, filings, and related arguments; the Court's ruling; or during trial – at any rate, "before the jury retired." *Prof'l Ass'n of Coll. Educators*, 730 F.2d at 73.

procedure must comply with the practice of the district court." FED. R. APP. P. 1(a)(2). Evidentiary Rule 103 – which governs the practice in this Court – provides that a party **must** make an offer of proof "[i]n case the ruling is one excluding evidence." FED. R. EVID. 103(a)(2).

Finally, from a policy perspective, it certainly should not be the practice of this Court to allow a party to proactively expand the trial evidentiary record, premised solely on a broad-sweeping appellate rule – App. Rule 10(a) – that is retrospective in its purpose of defining the record. Such practice would effectively nullify Evid. Rule 103 and any need for an offer of proof at trial.

## II.     EXHIBITS NOT CONSIDERED ADMISSIBLE EVIDENCE

This second category includes evidence that constitutes inadmissible hearsay or inadmissible demonstratives used by DI at trial.[4] Regarding the demonstratives, the admission of demonstratives as evidence is governed by Fed. R. Evid. 611(a). "Such demonstrative aids typically are permissible to assist the jury . . . [however,] such charts are not admitted into evidence and should not go to the jury room absent consent of the parties." *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000). The demonstratives that DI seeks to append to the record were not admitted into evidence by either party. Additionally, ReedHycalog did not consent to the demonstratives being allowed to go to the jury room.

Finally, the Regan Fay declaration is plainly an inadmissible piece of hearsay that would never have factored into any issue that the jury considered.[5] FED. R. EVID. 802. Moreover, the Regan Fay declaration was never attached to a motion, and it was never offered as evidence at trial (nor could it have been). Accordingly, any attempt by DI to now supplement the record

---

[4]. These include Exhibits A-D and M, attached to DI's Motion.

[5] The Regan Fay declaration is Exhibit W, attached to DI's Motion.

with the Regan Fay declaration is improper for the reasons already addressed in conjunction with the first category, above.

## III. CONCLUSION

ReedHycalog respectfully requests that the Court deny DI's Motion to Supplement the Record (Dkt. No. 364). Additionally, ReedHycalog respectfully requests that the Court strike Exhibits A through W, attached to DI's Motion, from the record.

Respectfully submitted,

Dated: August 6, 2010                By: /s/ J. Mike Amerson

T. John Ward, Jr.                    Danny L. Williams
State Bar No. 00794818               Lead Attorney
WARD & SMITH LAW FIRM                State Bar No. 21518050
P.O. Box 1231                        J. Mike Amerson
Longview, Texas 75606                State Bar No. 01150025
Telephone  (903) 757-6400            James A. Jorgensen
Facsimile   (903) 757-2323           State Bar No. 00794060
E-Mail  jw@jwfirm.com                David Morehan
                                     State Bar No. 24065790
                                     WILLIAMS, MORGAN & AMERSON, P.C.
                                     10333 Richmond Avenue, #1100
                                     Houston, Texas 77042
                                     Telephone  (713) 934-7000
                                     Facsimile   (713) 934-7011
                                     E-Mail  danny@wmalaw.com
                                     E-Mail  mike@wmalaw.com
                                     E-Mail  jjorgensen@wmalaw.com

                                     **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 6th day of August, 2010.

                                                 /s/ Riny Pieternelle